IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVEN THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>STAN KOCH AND SONS TRUCKING, INC.,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff STEVEN THOMPSON ("Plaintiff" or "Mr. Thompson"), by and through undersigned counsel, and files this, his Complaint for Damages against Defendant Stan Koch and Sons Trucking, Inc. ("Defendant"), and respectfully shows the Court as follows:

### I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

1

2.

This action seeks declaratory relief and damages for Defendant's violations of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), for subjecting him to wrongful retaliation.

## II.  JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f), 29 U.S.C. §216(b), and 28 U.S.C. §1343(a)(4).

4.

Defendant is a foreign profit corporation qualified to do business in this District, and the unlawful employment practices alleged in this Complaint were partially committed within this District.

5.

Therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f), venue is appropriate in this Court.

### III.   PARTIES

6.

At all times relevant to this matter, Defendant employed Mr. Thompson. Mr. Thompson submits himself to the jurisdiction of this Court.

7.

At all times material hereto, Defendant has conducted business within this District.

8.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(a).

9.

Defendant may be served through its Registered Agent, Cogency Global located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076.

### IV.   ADMINISTRATIVE PROCEDURES

10.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (hereinafter "EEOC").

11.

The EEOC issued a "Notice of Right to Sue" on September 22, 2021, entitling an action to be commenced within ninety (90) days of Plaintiff's receipt of that notice.

12.

Plaintiff timely files this action within ninety (90) days of receipt of the Notices of Right to Sue from the EEOC.

V. **FACTUAL ALLEGATIONS**

13.

In December 2015, Mr. Thompson began working as an Over the Road truck driver for Stan Koch and Sons Trucking.

14.

His duties included working on the Club Car account, driving and unloading specialized freight (golf carts and ATVs), and he had a history of positive work performance.

15.

He was paid roughly $70,000 annually with extensive benefits: health, with a matching benefit for HSA, vision, dental, life, short term disability, 401k, and vacation time.

16.

On or around September 11, 2020, Mr. Thompson discovered that another driver, Danny Cartwright, spread sexual rumors about him and another colleague, Valerie De Armas. Mr. Thompson spoke with Andy Fornasiere and Jason Lehr about the rumors.

17.

On September 20, 2020, Mr. Thompson and Ms. De Armas jointly emailed Angela Scanlon (HR), Jason Lehr (Supervisor), Dave Burkhart, Randy Koch (CEO, Minnesota-based) and Dave Koch (VP, Minnesota-based) with a formal complaint of sexual harassment and hostile work environment.

18.

On October 1, 2020, the company gave Ms. De Armas a letter dated September 30, 2020, and signed by Scanlon, which stated Defendant had concluded its investigation and determined that Ms. De Armas had fostered a negative work environment with her complaint, and making other employees uncomfortable.

19.

On October 2, 2020, Mr. Thompson questioned whether Defendant had actually conducted an investigation, and Ms. Scanlon admitted that Defendant had been unable to interview named witnesses.

20.

That same day, Defendant removed Mr. Thompson from the Club Car account, as punishment for creating a "hostile work environment", i.e. participating in Ms. De Armas' Complaint.

21.

Defendant informed Mr. Thompson that he would have to transfer divisions, so Mr. Thompson felt forced to resign.

**COUNT ONE:  RETALIATION IN VIOLATION OF TITLE VII**

22.

Plaintiff re-alleges paragraphs 13-21 as if set forth fully herein.

23.

Plaintiff's written complaint to management and the owners of Defendant regarding sexual harassment in the workplace, on or around September 20, 2020, and his verbal inquiries on October 2, 2021 both constituted protected activity under Title VII.

24.

Defendant admitted that but for his protected activity it would not have changed his duties or transferred him.

25.

Accordingly, Defendant violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and is liable for compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1).

26.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered economic and non-pecuniary damages.

27.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

28.

Defendant is therefore liable for damages caused proximately resulting from its retaliation against Plaintiff.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;


(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) All other relief to which he may be entitled.

Respectfully submitted the 17th day of December, 2021.

**BARRETT & FARAHANY**

/s/ *Adian Miller*
Adian Miller
Georgia Bar No. 794647

*Attorney for Plaintiff*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
adian@justiceatwork.com